Ramírez v. Schroder et al.

Appeal from the District Court of Mayagüez.

No. 523.—Decided June 21, 1910.

Demurrer Based on Ground that Plaintiff Has no Cause of Action—Recovery of Money—Bond Furnished by the Liquidator of a Commercial Partnership.—Where a loan is secured by a guarantor in his capacity of liquidator of a commercial partnership, and a suit is brought against him personally, together with the debtor, for the recovery of the amount of the loan, and the objection being raised in the appellate court for the first time that plaintiff had no cause of action against the guarantor, the objection must be sustained because the suit was not brought against him in the capacity in which he guaranteed the payment of the debt, but against him personally.

EXTINGUISHMENT OF OBLIGATIONS—PAYMENT.—In order that the extinguishment, of an obligation by payment may be successfully alleged, it must be clearly proven, and the courts will not assume that payment has been made merely because the creditor has allowed seven years to expire without bringing a suit for the recovery thereof.

The facts are stated in the opinion.

*Mr. Rodolfo Ramírez* for appellants.

*Mr. Leopoldo Feliú* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is an appeal from a judgment rendered by the District Court of Mayagüez condemning the defendant to pay to the plaintiff the sum of $1,562 and interest thereon from March 4, 1909, when the complaint was filed, and awarding costs against the defendants.

It is stated in the complaint that on June 16, 1901, the defendants, by a public instrument executed before Mariano Riera Palmer, a notary of the city of Mayagüez, acknowledged themselves to be the debtors of the plaintiff, Ramírez, in the sum of $1,100, which the latter had lent them before the execution of said instrument; and which sum the defendants bound themselves to pay to plaintiff, without interest, on November 15, 1901, it being agreed that in case of delay in the payment of said sum the debtors should pay interest thereon at the rate of 3 per cent per month, but this agreement for the payment of interest should not be taken to mean that the creditor had granted them any extension of time. The payment of said sum was also guaranteed by Mr. Federico Philippi, as is alleged in the complaint, in the capacity of liquidator of Schulze & Co., and to that effect he insured said payment with the property of the partnership which he represented, this being done in legal form, and Philippi constituting himself in that way a principal surety for the amount of said debt.

The defendants filed their answer, in which they stated their acquiescence in paragraphs 1, 2 and 3, setting out the execution of the instrument sued on; and specifically

denied paragraphs 4 and 5, stating that the debt amounted
to one thousand five hundred and sixty-two dollars ($1,562),
and that nothing had been paid thereon; and alleged explicitly
as new matter constituting a defense that they had paid the
amount that the plaintiff claimed from them.

This suit, having been put on the calendar, came on to be
heard, on February 9, 1910, before the District Court of Maya-
güez, and on the hearing the parties respectively introduced
their evidence in support of their allegations; and the court,
on the 15th of the same month of February last, rendered
judgment ordering that the plaintiff, Pedro E. Ramírez, re-
cover from the defendants, Federico Philippi and Federico
Schroder, the sum of one thousand five hundred and sixty-two
dollars ($1,562), and interest on said sum from March 4, 1909,
the date of the filing of the complaint, and all costs.

I. The first point in order made by the appellants is that
the complaint does not set forth facts sufficient to constitute
a cause of action against the defendant, Federico Philippi,
under section 109, Code of Civil Procedure. This exception,
which was not raised in the court below but which on that
account should not be considered as waived, should, according
to the article referred to, be sustained, because it appears
from the complaint itself that Federico Philippi did not per-
sonally guarantee the payment of the debt incurred by Fede-
rico Schroder by virtue of the deed of June 16, 1901, but
only as liquidator of Schulze & Co., binding to this end the
property of said partnership, making himself in such capacity
of liquidator a principal debtor to the amount stated in the
obligation.

The facts of the complaint do not constitute a cause of
action against Philippi but against Schulze & Co., of which
he was the liquidator and, therefore, he cannot be compelled
to fulfil an obligation which he did not contract in his own
name but as a representative of Schulze & Co.

II. In the second place it is contended that the payment
pleaded in the defendants' answer was proven by the testi-

mony of the defendant, Philippi, and of Frederick L. Cornwell, Esq. Neither the statement, in regard to this matter, in the brief of the appellants, nor the proof relied on, as contained in the record, is very clear on the point of payment. It seems from the evidence, that there had been, subsequent to the loan which forms the basis of this suit, several transfers of property and other business transactions between the parties, but in none of them is there to be found any reference to the loan of one thousand one hundred dollars ($1,100), nor to the payment thereof. If it had been intended that their debt should be included in the purchase price of any of the properties sold, or should be otherwise extinguished, it would have been an easy matter to have so stated in a line or two inserted in some one of the written instruments which passed between the parties. It is hardly reasonable to ask the courts to infer payment from the forbearance of the plaintiff to bring this suit for more than seven years from the date of the loan.

There are also errors alleged which consist in a violation of the precepts of the Civil Code with reference to the effects of security between the surety and the creditor and that the complaint in so far as the same refers to Schulze & Co. cannot be held good inasmuch as proceedings in bankruptcy had been instituted, in the United States District Court for the District of Porto Rico, against said partnership, and all the claims which might be presented against Schulze & Co. are governed by the bankruptcy laws.

It is not necessary to examine the errors to which reference has been made because neither Philippi, in his own name is a surety of Federico Schroder, nor has the partnership of Schulze & Co. been sued in this case.

For the reasons aforesaid we are of the opinion that the judgment rendered by the District Court of Mayagüez, on February 9, 1910, should be affirmed in so far as the same refers to the defendant, Federico Schroder, from whom the plaintiff should recover the sum of $1,562, with interest thereon from March 4, 1909, and half of the costs of this proceed-

ing, and the same should be reversed with respect to the other defendant, Philippi, in regard to whom the complaint should be dismissed because the same does not set out facts sufficient to constitute a cause of action against said defendant in his personal capacity.

*Accordingly decided.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Figueras did not take part in the decision of this case.